# Yanosh *v.* Earley, Appellant.

*Conversion — Measure of damages — Landlord and tenant — Wrongful seizure of goods.*

The actual loss or injury suffered by plaintiff is in general the measure of damages in an action for a conversion. If the conversion be a technical one, or·if no actual loss be shown, defendant will nevertheless be liable for nominal damages.

In an action of trespass for the conversion of goods alleged to have been wrongfully seized for rent, where there is evidence the plaintiff had merely possession, but not ownership of the goods, the defendants are entitled to have the jury told that if they found plaintiff had possession of, but did not own the goods, and defendants had deprived him of possession thereof, then he was entitled, at least to nominal damages, and under certain circumstances to be found by the jury, to compensatory damages, and to have the meaning of these terms fully explained to the jury.

Argued March 9, 1917. Appeal, No. 44, March T.,, 1917, by defendants, from judgment of· C. P. Lackawanna Co., Jan. T., 1914, No. 419, on verdict for plaintiff in case of John Yanosh v. E. W. Earley and Anthony Klimatis. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Trespass to recover damages for the conversion ·of goods alleged ·to have been wrongfully seized for rent. Before MOSER, J., specially presiding.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $1,049.23. Defendant appealed.

*Errors assigned,* among others, were portions of the charge quoted in the opinion of the Superior Court.

*A. A. Vosburg,* with him *Joseph B. Jenkins,* for appellants.—It is the duty of the court to give the jury a statement of the general rule as to the measure of dam-

ages applicable to the particular case: Shrader v. U. S. Glass Co., 179 Pa. 623; Taylor v. Paul, 6 Pa. Superior Ct. 496; Richards v. Willard, 176 Pa. 181; Stuart v. Line, 11 Pa. Superior Ct. 345.

Where the jury are left without instructions upon important questions involved, this is ground for reversal: Earle v. Arbogast, 180 Pa. 409; Mills v. Buchanan, 14 Pa. 59; Stuart v. Line, 11 Pa. Superior Ct. 345; Com. v. Sayars, 21 Pa. Superior Ct. 75; Drennen v. Charles, 12 Pa. Superior Ct. 476; Garrison v. Bryant, 10 Philadelphia 474.

*H. W. Mumford,* with him *E. L. Burns* and *A. G. Rutherford,* for appellee.

OPINION BY WILLIAMS, J., July 13, 1917:

While the statement of claim declares as for an eviction from certain premises as well as for the value of certain goods said to have been taken from plaintiff and converted by defendants, at the trial of the case it seems as though the eviction from the premises was abandoned and the case tried upon the theory that defendants had deprived plaintiff of his goods and chattels.

The first question involved according to appellants' "Statement of Questions Involved," is the "adequacy of charge as to measure of damages; (a) where plaintiff shows only possession and not ownership of goods; ......."

Defendant, Klimatis, was the owner of the building in which the saloon was conducted, and rented the upper stories to Yanosh for living apartments. The saloon was rented by Klimatis to the Keystone Brewing Company which sublet it to Yanosh. He removed from the living apartments without paying his rent, and defendants distrained upon the furniture and fixtures of the saloon. Plaintiff testified that the constable read the warrant to him, came back of the bar, and, showing his star, laid his hand upon plaintiff's shoulder and told him

to get out. Yanosh went out and defendants locked the door. A few minutes later plaintiff returned and found one Petronis running the saloon.

Defendants' evidence was that plaintiff was heavily indebted to his lessor, the Keystone Brewing Company, which took possession shortly after the distraint was made, and that he voluntarily surrendered the goods to the brewing company which installed Petronis as proprietor; and that Yanosh had only the possession of the goods for the brewing company and did not own them. Yanosh denied that he voluntarily surrendered the goods and testified that he owned them.

The court below charged that a verdict might be rendered for the plaintiff, if the goods belonged to Yanosh and defendants had converted them, for their full value. The charge was vague as to what the defendants would be liable for if they had converted the goods and Yanosh had merely the right of possession. In this regard the court said: "If the plaintiff, Yanosh was in possession thereof but did not have the title to the property, or was not the owner of the property, it might make some difference as to the damages which were sustained, or that might rightfully be recovered against the defendants. ......I have said to you if the plaintiff had simply the right to possession and did not own the property, that fact might affect the amount of damages sustained and the verdict that should properly be awarded. In the first place, if the plaintiff was not the owner of the property, but only had possession thereof, he should not be awarded as much as if he was the absolute owner thereof and the property was taken from him." In response to a suggestion from defendants' counsel that nominal damages was the proper measure, the court said: "That is what I have been trying to convey to your minds is that while the damages may be more than nominal, I have decided to leave for your consideration the amount of damage the plaintiff suffered under the circumstances." The

jury found a verdict for the plaintiff for $1,049.23, and judgment was entered thereon. Defendants appealed.

Appellants contend that the court erred in failing to give the jury any measure or legal standard by which the damages could be assessed in case the jury should find that the plaintiff did not own the property alleged to have been converted. "The actual loss or injury suffered by plaintiff is in general the measure of damages in an action for a conversion. If the conversion be a technical one, or if no actual loss be shown, defendant will nevertheless be liable for nominal damages": 38 Cyc. 2088. We think defendants were entitled to have the jury told that if they found Yanosh had possession of but did not own the goods and defendants had deprived him of possession thereof, then he was entitled at least to nominal damages, and under certain circumstances to be found by the jury, to compensatory damages, and to have the meaning of these terms fully explained to the jury. There is nothing in the charge which in any way approaches an explanation of the terms or states the measure of damages. This we think is reversible error.

As the case is to go back for a new trial it is unnecessary to discuss the court's rulings on the admission of evidence, as the error, if any, will be corrected upon a second trial.

The judgment is reversed and a venire facias de novo awarded.